USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/9/2021____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BODHI BUILDING d/b/a YogaSpa,

Plaintiff,

-against-

ELMSFORD CHICKEN, LLC d/b/a Popeye's Louisiana
Kitchen, ELMSFORD PROPERTY, LLC, URSTADT BIDDLE
PROPERTIES, INC.,

Defendants.

1:21-cv-919-MKV

ORDER DISMISSING
COMPLAINT WITHOUT
PREJUDICE AND WITH
LEAVE TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

On February 3, 2021, Plaintiff commenced this action by filing a Complaint.  (Compl.
[ECF No. 1].)  The Court *sua sponte* DISMISSES the Complaint without prejudice for failure to
plead subject matter jurisdiction and GRANTS leave to amend.

The Complaint predicates subject matter jurisdiction on diversity of citizenship, pursuant
to 28 U.S.C. § 1332.  (Compl. ¶ 7.)[1]  Plaintiff alleges the following:  Plaintiff is a New York
corporation with its principle place of business in New York.  (Compl. ¶ 3.)  Defendant Elmsford
Chicken, LLC is a New York limited liability corporation ("LLC") "with a designated address for
service" in New Jersey.  (Compl. ¶ 4.)  Defendant Elmsford Property, LLC is a New York limited
liability company "with a designated address for service" in New York.  (Compl. ¶ 5.)  Defendant
Urstadt Biddle Properties, Inc. is a Maryland corporation with its "principle office" in Connecticut.

_____

[1] Plaintiff's twelve alleged causes of action—trespass, negligence, intentional tortious damage, private nuisance,
fraudulent misrepresentation, fraudulent concealment, civil conspiracy, aiding and abetting trespass, aiding and
abetting intentional tortious damages, aiding and abetting private nuisance, constructive eviction, and breach of
contract—do not present a federal question and therefore cannot invoke jurisdiction under 28 U.S.C. § 1331. *See
Ordonez v. USAA*, No. 11 CV 5286(HB), 2013 WL 837599, at *3 (S.D.N.Y. Mar. 6, 2013) ("Because [plaintiff] brings
only state tort claims and does not bring any cause of action implicating federal law, [plaintiff] cannot invoke the
court's federal question jurisdiction." (citing *Obunugafor v. Borchert*, No. 01 Civ. 3125, 2001 WL 1255929, at *3
(S.D.N.Y. Oct. 19, 2001); and *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 399
(S.D.N.Y. 1998))).

1

(Compl. ¶ 6.)  Plaintiff claims that the Court has subject matter jurisdiction because "at least one Defendant is headquartered in a different state from Plaintiff, and the amount in controversy exceeds $75,000.00."  (Compl. ¶ 7.)

The Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists."  *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361– 62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).  The plaintiff "must allege a proper basis for jurisdiction in his pleadings," *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998), as "court[s] must 'review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction,'" *Weiss Acquisition, LLC v. Patel*, No. 3:12–cv–1819 CS, 2013 WL 45885, at *1 (S.D.N.Y. Jan. 3, 2013) (second alteration in original) (quoting *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at *1 (D. Conn. July 31, 2008)).

Plaintiff has not met its burden to demonstrate subject matter jurisdiction in the Complaint. First, Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); and *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967)).  Accordingly, it is insufficient that "at least one Defendant is headquartered in a different state from Plaintiff," as Plaintiff alleges.  (Compl. ¶ 7.)

Second, an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties." *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651(JPO), 2013 WL 30673, at *2 (S.D.N.Y. Jan. 3, 2013) (collecting cases); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members." (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000))). Where a complaint does not plead the citizenship of an LLC party's members, it fails to plead diversity jurisdiction. *Infinity Consulting Grp., LLC v. American Cybersystems, Inc.*, No. 09-CV-1744 (JS)(WDW), 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010). Here, Plaintiff fails to allege the citizenship of the members of Defendants Elmsford Chicken, LLC and Elmsford Property, LLC. Accordingly, Plaintiff has failed to plead diversity jurisdiction. *See Vigilant Ins. Co. v. OSA Heating & Cooling LLC*, No. 3:10-CV-00981 (CSH), 2013 WL 3766596, at *2 (D. Conn. July 16, 2013) (directing plaintiff to provide identities and citizenship of each of LLC defendant's members or face dismissal for lack of subject matter jurisdiction); *Receiveables Exch., LLC v. Hotton*, No. 11-CV-0292(JS)(WDW), 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (dismissing *sua sponte* where complaint did not allege citizenship of LLC plaintiff's members); *Laufer Wind Grp. LLC v. DMT Holdings L.L.C.*, No. 10 Civ. 8716(RJH), 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (dismissing action where complaint did not plead the citizenship of any of the LLC parties' members); *In re Bank of America Corp. Secs.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship." (citing 28 U.S.C. § 1332(a))).

Because the Court lacks subject matter jurisdiction, the Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *see also Banks-Gervais v. Bd. of Elections*, No. 18-CV-5252 (RJD)(VMS), 2018 WL 10070504, at *2 (E.D.N.Y. Sept. 28, 2018) ("When a court lacks subject matter jurisdiction, dismissal is mandatory." (citing *Arbaugh*, 546 U.S. at 514)).  And because it raised the issue of subject matter jurisdiction *sua sponte*, the Court dismisses the Complaint without prejudice and with leave to amend to cure the jurisdictional defects described above.  *See, e.g.*, *Minard v. Pareto Partners*, No. 04 Civ. 741(CSH), 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) ("The Court having raised *sua sponte* the question discussed in this Memorandum, it is fair to allow plaintiff, if so advised, to attempt to demonstrate that the parties are completely diverse.").

Plaintiff shall file an Amended Complaint on or before **March 11, 2021**.  Failure to file an Amended Complaint by that date will result in dismissal of all claims in this case without prejudice and without leave to amend.

**SO ORDERED.**

**Date:  February 9, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

4